UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SCOTT M. WASELIK,

Plaintiff,

v.

TOWNSHIP OF SPARTA, et al.,

Defendants.

Civ. No. 16-4969 (KM-JBC)

OPINION

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the defendants' motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint for failure to state a claim upon which relief may be granted. The plaintiff, Scott Waselik, sues the Township of Sparta and six of its police officers: Officer Daniel Elig, Officer Kurt Morris, Sgt. Keith Hannam, Sgt. Terrence Mulligan, Sgt. Joseph Pensado, and Lieut. John-Paul Beebe. Mr. Waselik alleges that he came to the police badly injured, seeking help in connection with a domestic violence incident, and wound up criminally charged with possession of marijuana. The evidence in the case was suppressed and the charges were dismissed. Mr. Waselik asserts, *inter alia,* claims under 42 U.S.C. § 1983 that a search of his home was illegal and that the criminal charges were unfounded. I hold that, whatever their surface merits, the majority of these causes of action are barred by the applicable two-year statutes of limitations. What remain are malicious prosecution claims under Section 1983 and the New Jersey Civil Rights Act. This dismissal, however, is without prejudice to the submission, within 30 days, of a proposed amended complaint that remedies the defects of the original.

1

I. **The Allegations of the Complaint**

The factual allegations of the Complaint, assumed to be true for purposes of this motion, occupy some 21 pages. They may be summarized as follows:

On October 8, 2013, the plaintiff, Scott M. Waselik, was stabbed and beaten by Kevin Rios. Christopher McElwee witnessed the incident, which took place in Waselik's residence. McElwee drove Waselik to the Sparta Police Department. After reporting the incident as a domestic violence matter, Waselik was taken to Morris County Memorial Hospital, where he was admitted and treated for his injuries. (He was released five days later, on October 13, 2013.)

Police Officers Daniel Elig and Kurt Morris went to Waselik's residence. There they located Rios in the back yard, arrested him, and handcuffed him. At this point Rios, the sole suspect, was in custody, and Waselik was in the hospital. Elig and Morris entered Waselik's residence without a warrant and observed marijuana. On October 9, 2013, Sparta police officers obtained a search warrant and re-entered Waselik's residence, where they seized the marijuana and associated paraphernalia.

On October 24, 2013, Waselik turned himself in to the Sparta police. (It does not appear that there was an arrest warrant, but he alleges that he appeared under threat of arrest.) He was charged by summons and complaint with possession of a controlled dangerous substance and drug paraphernalia. *See* N.J. Stat. Ann. 2C:35-10(a)(4) and 36-2. At the time, the police knew or had reason to know that Waselik was entitled to possess marijuana for medical reasons. His medical marijuana card was in his wallet, which had remained at the police station until Waselik was discharged from the hospital on October 13, 2013.

On November 7, 2014, the Hon. Thomas J. Critchley, J.S.C., entered an order granting Waselik's motion to suppress the evidence seized from his residence. On January 15, 2015, the charges were dismissed. On December 3, 2015, the Appellate Division affirmed Judge Critchley's order of suppression.

*See State v. Waselik,* 2015 WL 7761051 (N.J. Super. Ct. App. Div., Dec. 3, 2015).[1]

The Complaint contains eleven Counts:

I. Pattern and Practice Allegations (Municipal and Governmental Liability) [asserted against Township]

II. Unreasonable Search and Seizure under the United States Constitution [interpreted by the court as a claim under 42 U.S.C. § 1983 for violation of Fourth Amendment rights]

III. 42 U.S.C. § 1983 False Arrest[2]

IV. 42 U.S.C. § 1983 Malicious Prosecution

V. Violation of the Americans with Disabilities Act [cited as 42 U.S.C. § 1997; asserted against Township and Beebe][3]

VI. 42 U.S.C. § 1983 Conspiracy[4]

---

[1] The Appellate Division described the grounds for its ruling as follows:

> In this case, the judge correctly found that the officers had no objectively reasonable basis to believe there was an emergency that required entry into defendant's home to provide immediate assistance, protect or preserve life, or prevent serious injury. Defendant and Chris, the only individuals involved in this incident other than Rios, were at police headquarters and no longer faced any threat of harm or serious injury. There was no evidence whatsoever of other victims or persons in defendant's home. Moreover, the perpetrator, Rios, no longer posed a threat because he was in police custody and the weapon had been secured. The totality of the circumstances confirms there were no exigent circumstances, articulable facts, or clear and imminent danger requiring the police to enter defendant's home without a warrant. Accordingly, the motion to suppress was properly granted.

2015 WL 7761051 at *3.

[2] It appears that no arrest warrant issued, and that Mr. Waselik appeared voluntarily. His papers treat this appearance as being equivalent to an arrest. For purposes of this motion, I ignore the distinction.

[3] The statutory citation is incorrect, and it is unclear what claim is intended. I have granted leave to amend, however. *See* Section III.B.2, *infra.*

[4] In his opposition brief, the plaintiff states that Count IV (I assume he means Count VI) mistakenly cited 42 U.S.C. § 1985. He says that he actually meant to allege a conspiracy under § 1983, and seeks leave to amend. (Pl. Brf. 34 & n.1) Amendment is granted without further motion practice, because the drafter's intent is clear. Count VI does not factually allege § 1985-style discrimination, but rather that the individual

3

VII. 42 U.S.C. § 1983 Supervisor Liability

VIII. Negligent Hiring/Training/Retention [asserted against Township]

IX. Negligent and Intentional Infliction of Emotional Distress[5]

X. Violation of the New Jersey Civil Rights Act – N.J.S.A. 10:6-1 to 2

XI. Punitive Damages

## II. The Applicable Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at

---

defendants acted in concert to commit and cover up the deprivations of constitutional rights alleged in the other § 1983 counts of the Complaint. Of course, a § 1983 conspiracy claim may be superfluous under the circumstances; it is most commonly used to reach private parties who allegedly acted in concert with State officials, which is not an issue here. *See Dennis v. Sparks*, 449 U.S. 24, 29, 101 S. Ct. 183 (1980); *Lake v. Arnold, Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999).

[5] In his Brief, the plaintiff withdraws any claim of negligent infliction of emotional distress; the only claim in Count IX, he says, is intentional infliction of emotional distress. (Pl. Brf. 29)

4

570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION
#### A. Statute of Limitations

The defendants first argue that all of the Counts of the Complaint, except Count IV, must be dismissed because they are untimely under the applicable statutes of limitations. I set aside Count IV (§ 1983 malicious prosecution), which is not time-barred, as defendants concede. *See* n.8, *infra*.

The statute of limitations is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). On a Rule 12(b)(6) motion, however, a complaint may be dismissed on statute of limitations grounds, but "only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, __ F.3d __, 2017 WL 2112308 at *4 (3d Cir. May 16, 2017) (§ 1983 case, citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)); *see also Fried v. JP Morgan Chase & Co.*, 850 F.3d 590, 604 (3d Cir. 2017). To be sustainable, however, such a dismissal must consider the applicability of tolling doctrines. *See Wisniewski*, 2017 WL 2112308 at *4 (reversing dismissal and remanding for consideration of whether time spent in exhausting administrative remedies tolled the § 1983 limitations period).

#### 1. 42 U.S.C. § 1983 (Counts II, III, and VI)

Section 1983 claims,[6] such as Counts II, III, and VI, are subject to New Jersey's two-year statute of limitations for personal injury claims, N.J. Stat.

---

[6] A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

5

Ann. § 2A:14-2. *Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)); *see also Wallace v. Kato*, 549 U.S. 384 (2007) (§ 1983 claims borrow the relevant state's statute of limitations for personal injury claims).[7]

The date when a cause of action under § 1983 accrues is a matter of federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Gentry v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal quotation marks and citations omitted). "As a general matter, a [§ 1983] cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)). Accrual occurs, then, "when a plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief.'" *Wallace*, 549 U.S. at

---

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

To state a claim for relief under § 1983, a plaintiff must plausibly allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

[7] Count VI, if treated as a Section 1985 claim, would likewise borrow the state two-year statute. *Dique v. New Jersey State Police*, 603 F.3d 181, 189 (3d Cir. 2010). As noted above, however, plaintiff states that this citation was in error, and seeks leave to amend his complaint to allege a conspiracy under 42 U.S.C. § 1983 instead. I therefore deem Count VI to have been alleged under § 1983, and include it in this discussion.

388 (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997).

Accrual may be delayed by a plaintiff's lack of knowledge of the facts. The threshold of knowledge, however, is not a high one. The tort accrues when the "plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." *Fullman v. Pa. Dep't of Corr.*, 265 Fed. Appx. 44, 46 (3d Cir. 2008); *accord Kach*, 589 F.3d at 634. Accrual does not require that plaintiff be aware of *all* of the facts. *New Castle County v. Halliburton Nus Corp.*, 111 F.3d 1116, 1125 (3d Cir. 1997) (citing *Zeleznik v. United States*, 770 F.2d 20, 24 (3d Cir. 1985)). Nor need the plaintiff contemporaneously appreciate the legal ramifications of the facts. *See Keystone Ins. Co. v. Houghton*, 863 F.2d 1125, 1127 (3d Cir. 1988) (the required awareness is awareness of injury, not appreciation that the injury constitutes a legal wrong).

The essential wrongs alleged in the section 1983 counts are a false arrest and an unlawful search. Although it is possible to conjure unusual scenarios, in a false arrest or illegal search case, it is the rare plaintiff who would not be contemporaneously aware of the tortious acts or the fact of injury. It is for this reason, I believe, that the case law simply states that the § 1983 constitutional tort accrues, and the limitations period begins to run, at the time of the wrongful act.

For example, a Fourth Amendment claim will accrue at the time of the allegedly wrongful search or seizure. *See Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014); *Voneida v. Stoehr*, 512 F. App'x 219, 221 (3d Cir. 2013); *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012); *Castro v. Perth Amboy Police Dep't*, 2014 WL 229301, at *3 n.1 (D.N.J. Jan. 21, 2014). In similar fashion, a § 1983 false arrest claim accrues at the time of the arrest. *See Torres v. McLaughlin*, 163 F.3d 169, 176 (3d Cir. 1998); *Love v. Shockley*, 2015 WL 71162, at *2 (D.N.J. Jan. 6, 2015).

An injury to Mr. Waselik's constitutional rights, assuming it occurred, occurred at the time of the search and arrest. Waselik did not have to

appreciate their full legal significance in order for the tort to accrue. Contrary to Waselik's argument, the illegal search and false arrest torts did not have to await criminal charges, a judicial order of suppression, or affirmance of that suppression order, to ripen. Indeed, these causes of action might be brought by someone who was never criminally charged at all.[8]

Here, the time that the wrongful acts occurred is easy to determine from the face of the Complaint. The searches of Waselik's residence occurred on October 8 and 9, 2013. Waselik's allegedly wrongful arrest occurred on October 24, 2013. The statute of limitations on the section 1983 claims began to run on those dates. Unless tolled, the limitations period expired, at the latest, on October 24, 2015. Waselik did not file his federal court complaint, however, until some ten months later, on August 23, 2016. Under the two-year statute of limitations, that was ten months too late.

I also consider, however, whether the limitations period was suspended, or tolled. *See Wisniewski, supra.* "'State law, unless inconsistent with federal law, . . . governs the concomitant issue of whether a limitations period should be tolled.'" *McPherson v. United States*, 392 F. App'x 938, 944 (3d Cir. 2010) (quoting *Dique*, 603 F.3d at 185).

Statutory tolling, under New Jersey law, may arise from bases specifically listed in the statute. *See, e.g.,* N.J. Stat. Ann. § 2A:14–21 (minority or insanity); N.J. Stat. Ann. § 2A:14–22 (non-resident defendant). Nothing in the amended complaint, however, remotely suggests any of those statutory bases for tolling.

Equitable tolling, under New Jersey law, may arise "where 'the complainant has been induced or tricked by his adversary's misconduct into

---

[8] A Section 1983 cause of action for malicious prosecution, by contrast, accrues later, when the criminal proceedings terminate in favor of the accused—generally, by acquittal or dismissal. *See, e.g., Desposito v. New Jersey*, 2015 WL 2131073, at *12 (D.N.J. May 5, 2015) (collecting cases). The criminal case against Mr. Waselik was dismissed on January 15, 2015, well within the limitations period for a Complaint filed on August 23, 2016. Defendants here do not claim that the Count IV malicious prosecution claim is untimely.

8

allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Cason v. Arie Street Police Dep't*, No. 10-0497, 2010 WL 2674399, at *5 n. 4 (D.N.J. June 29, 2010) (citing *Freeman v. State*, 347 N.J. Super. 11, 31, 788 A.2d 867 (N.J. Super. Ct. App. Div. 2002)). The Complaint, however, does not articulate any facts that would support any of these bases for equitable tolling. Nor do the circumstances suggest any. Waselik surely knew of his injury, and could have asserted it, at any time after it occurred in October 2013.

Counts II and III are therefore dismissed because they are barred by the applicable statute of limitations. Count VI is for the most part dismissed as well. Count VI is *not* dismissed, however, to the extent the alleged § 1983 conspiracy has as its object the timely-asserted tort of malicious prosecution alleged in Count IV.

### 2. Counts I, VII

I have saved until now any discussion of the statute of limitations as it relates to Count I (municipal liability) and Count VII (42 U.S.C. § 1983 supervisory liability). Because these two § 1983 counts essentially piggy-back on other § 1983 Counts, their timeliness depends on the timeliness of those other Counts.

Counts I and VII are alleged in response to the concern that there is no *respondeat superior* liability under 42 U.S.C. § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Count I, for example, is not really an independent cause of action at all. I interpret it as a "pattern and practice" allegation that the Township should be held liable for the underlying § 1983 torts of its employees. *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978).[9] Count VII is parallel. As I read it, it is an attempt to hold supervisory

---

[9] Municipal liability under Section 1983 requires that the constitutional violation have occurred pursuant to an official municipal policy or custom. *Monell, supra*; see also *Bielevicz v. Dubinon*, 915 F.2d 845, 849-50 (3d Cir. 1990).

9

personnel liable because they had some sufficient personal involvement in the § 1983 constitutional torts of their subordinate police officers. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *In re Bayside Prison Litig.*, Civ. No. 97-5127, 2007 WL 327519, at *5 (D.N.J. Jan. 30, 2007).[10] A *Monell* or supervisor liability claim is properly viewed as a § 1983 claim (or as a component of a § 1983 claim), and it is subject to the same two-year statute of limitations as the underlying § 1983 tort. *See Desposito v. New Jersey*, 2015 WL 2131073, at *12 (D.N.J. May 5, 2015) (*Monell* claim).

The underlying § 1983 torts for which plaintiff seeks to hold the Township and the supervisors liable are alleged elsewhere in the Complaint: specifically, in Counts II, III, and IV. Counts II and III have been dismissed as untimely; Count IV has not.

Consequently, I hold that Counts I and VII will be dismissed on statute of limitations grounds to the same extent as the underlying § 1983 claims. What that means, in concrete terms, is that Counts I and VII survive only insofar as they assert that the Township or the police supervisors are liable for the surviving Count IV claim (§ 1983/malicious prosecution).

### 3. NJCRA

Count X asserts a claim under the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. 10:6-1 & 2. Fairly read, this catchall claim encompasses the deprivations of federal civil rights alleged in the § 1983 Counts, but asserts them under parallel provisions of the New Jersey State Constitution.

NJCRA, like § 1983, contains no express statute of limitations. Generally speaking, however, the NJCRA was patterned on § 1983, and has been construed in parallel with it. *Ingram v. Twp. of Deptford*, 911 F. Supp. 2d 289, 298 (D.N.J. 2012); *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011). *See also Gonzalez v. Auto Mall 46, Inc.*, 2012 WL 2505733, at *4

---

[10] The supervisor's personal involvement can be established through allegations of personal direction or of actual knowledge and acquiescence. *See Rode*, 845 F.2d at 1207; *see also Baker v. Monroe Tp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995); *Jackson v. Camden Cnty. Corr. Facility*, Civ. No. 12-7538, 2013 WL 1844636, at *3 n.1 (D.N.J. Apr. 29, 2013).

(N.J. Super. Ct. App. Div. July 2, 2012) (citing *Rezem Family Assocs., LP v. Borough of Millstone*, 30 A.3d 1061, 1067 (N.J. Super. Ct. App. Div. 2011), *certif. denied*, 208 N.J. 366, 29 A.3d 739 (2011)).

Like other federal and state courts before me, I conclude that NJCRA, like § 1983, is subject to the State's general two-year personal injury statute of limitations. *Abdul-Aziz v. Lanigan*, No. CV 14-2026 (FLW), 2016 WL 1162753, at *4 (D.N.J. Mar. 24, 2016); *Citta v. Borough of Seaside Park*, Civ. No. 09-865 FLW, 2010 WL 3862561, at *10 n.3 (D.N.J. Sept. 27, 2010); *Gracia-Brown v. City of Newark*, No. CIVA09-3752, 2010 WL 1704748, at *4 (D.N.J. Apr. 26, 2010); *Hawkins v. Feder*, 2012 WL 5512460, at *5 (N.J. Super. Ct. App. Div. Nov. 15, 2012).

It follows that, for the reasons expressed in the preceding section, Count X (NJCRA) will be dismissed as untimely, except to the extent it asserts a malicious prosecution theory parallel to that in Count IV.

### 4. State common law torts

Counts VIII asserts against the Township the common-law tort of Negligent Hiring, Training, or Retention of employees.[11] Count IX asserts Intentional Infliction of Emotional Distress ("IIED").[12] These are both state-law tort claims, brought against a public entity (the Township) and its employees (the police officers).

The New Jersey Tort Claims Act ("NJTCA") governs tort claims against public entities, including municipalities. *See* N.J. Stat. Ann. §§ 59:1-3, 8-2, & 8-3. Its most pertinent requirements have been summarized thus:

> Prior to filing a complaint, a plaintiff must submit a notice of claim to the public entity within ninety days of the claim's accrual,

---

[11] To the extent Count VIII may overlap with the § 1983 *Monell* theory of Count I, or the supervisor liability theory of Count VII, discussed above, it is superfluous; I will consider any § 1983 aspect of negligent hiring, training, or retention of employees in connection with those counts. Like the defendants, I interpret Count VIII as asserting a tort theory.

[12] As noted above, the plaintiff has withdrawn the claim of negligent infliction of emotional distress in Count IX. *See* n.3, *supra*.

11

N.J.S.A. 59:8–8a, and must file suit within two years after the claim's accrual, N.J.S.A. 59:8–8b.

*Velez v. City of Jersey City*, 180 N.J. 284, 290, 850 A.2d 1238, 1242 (2004). I am here concerned with the outside, two-year statute of limitations in N.J. Stat. Ann. § 59:8-8b. Section 8b provides that "[a] claimant shall be forever barred from recovering against a public entity or public employee under this act if . . . [t]wo years have elapsed since the accrual of the claim."

Under the NJTCA, as under federal law, a tort generally accrues as of "the date of the incident on which the tortious conduct took place." *Bayer v. Twp. of Union*, 414 N.J. Super. 238, 258, 997 A.2d 1118, 1129 (App. Div. 2010) (citing *Beauchamp v. Amedio*, 164 N.J. 111, 117, 751 A.2d 1047 (2000)); *accord Marenbach v. City of Margate*, 942 F. Supp. 2d 488, 491 (D.N.J. 2013); *Cliett v. City of Ocean City*, No. 06–4368, 2007 WL 2459446, at *3 (D.N.J. Aug. 24, 2007) (Simandle, C.J.) ("[T]he accrual date of a claim is the date on which the alleged tort is committed or the negligent action or omission occurred.").

Under State law, as under federal law, accrual of a claim may be delayed until the plaintiff knew or should have known the facts underlying the claim. The limitations period begins running when the plaintiff becomes aware of "material facts relating to the existence and origin of an injury"; the plaintiff need not, however, comprehend the full scope and legal significance of such facts. *Strauss v. Twp. of Holmdel*, 312 N.J. Super. 610, 624, 711 A.2d 1385, 1392 (Law Div. 1997) (citing, *inter alia, Grunwald v. Bronkesh*, 131 N.J. 483, 493 (1993), and collecting cases). As discussed above, a plaintiff's knowledge will not usually be an issue in a case involving allegations of illegal arrest or an illegal search.

Thus, under the NJTCA, it has been held squarely that "[t]he basis for a claim of false arrest arises at the time the incident occurs, i.e., the time of arrest." *Bayer*, 414 N.J. Super. at 258, 997 A.2d at 1129 (quoting *Bauer v. Borough of Cliffside Park*, 225 N.J. Super. 38, 47, 541 A.2d 719 (App. Div.),

*certif. denied*, 113 N.J. 330, 550 A.2d 447 (1988).[13] By the same logic, a state-law claim based on an illegal search, like a federal one, will accrue at the time of the search.

Here, as stated in section III.A.1, *supra*, Waselik was surely aware of the search of his residence and the alleged illegal arrest in October 2013, but he did not file this action until 34 months later, in August 2016. And for the same reasons expressed above, the Complaint suggests no basis for statutory or equitable tolling under State law.

Counts VIII and IX, then, will be dismissed as untimely under the two-year NJTCA statute of limitations.[14]

---

[13] As under federal law, a malicious prosecution tort would accrue later, but "a requirement that the criminal proceeding has terminated in plaintiff's favor is not a prerequisite for institution of an action for false arrest [.]" *Id.* (quoting *Pisano v. City of Union City*, 198 N.J. Super. 588, 593, 487 A.2d 1296 (Law Div.1984)). Nor is it a precondition for the assertion of an IIED or other state-law tort claim:

> Only plaintiff's malicious prosecution claim includes the element of a termination in favor of the accused. Her other claims, therefore, accrued at the very latest, when plaintiff had reason to know that the elements of the claims existed. This occurred at or about the time of plaintiff's arrest on July 12, 1985. See, e.g., *Rose v. Bartle*, 871 F.2d 331, 350–51 (3d Cir. 1989) (discussing the distinction between malicious prosecution and abuse of process, and holding that an abuse of process claim accrues on the date of arrest); *Deary v. Three Un–Named Police Officers*, 746 F.2d 185, 193–94 (3d Cir. 1984) (holding that only malicious prosecution requires a favorable termination of the criminal proceedings, and that claims for intentional infliction of emotional distress and abuse of process accrue on the date of arrest); *Earl v. Winne*, 14 N.J. 119, 128–29, 101 A.2d 535 (1953) (quoting *Ash v. Cohn*, 119 N.J.L. 54, 58, 194 A. 174 (E. & A. 1937)) (discussing the distinction between a malicious prosecution claim, which requires a favorable termination of the criminal proceedings, and abuse of process, which does not); *Pisano v. City of Union City*, 198 N.J. Super. 588, 593, 487 A.2d 1296 (Law Div. 1984) (holding that, unlike malicious prosecution claim, false arrest claim accrues on the date of the arrest).

*Michaels v. New Jersey*, 955 F. Supp. 315, 326–27 (D.N.J. 1996). *See also Desposito*, 2015 WL 2131073 at *10–*13.

[14] I do not reach the section 8a issue of whether the plaintiff complied with the statutory requirement of filing a notice of claim within 90 days. *See* N.J. Stat. Ann. 59:8-8a ("The claimant shall be forever barred from recovering against a public entity or public employee if: a. The claimant failed to file the claim with the public entity within 90 days of accrual of the claim except as otherwise provided in N.J.S. 59:8-9")

13

### 5. Counts V, XI

Count V states that it is a claim under the Americans with Disabilities Act ("ADA"). It is unclear, however, what is intended. Count XI is a claim for punitive damages. It does not state a cause of action as such, but a theory of damages. In both cases, an analysis of the statute of limitations would not be useful. I will discuss Counts V and XI substantively in the following section. *See* Section III.B.2, *infra*.

## B. Failure to State a Claim

After dismissals based on the statute of limitations, here is what remains of the Complaint:

*1. Malicious prosecution claims under § 1983 and NJCRA:*

Count IV (§ 1983 malicious prosecution)

Count I (municipal liability as to Count IV)

Count VI (conspiracy as to Count IV)

Count VII (supervisor liability as to Count IV)

Count X (NJCRA, malicious prosecution only)

*2. Miscellaneous claims:*

Count V (ADA)

Count XI (punitive damages)

I now consider the defendants' contentions that these Counts fail to state a claim upon which relief may be granted.

### 1. Malicious prosecution claims

Counts I, IV, VI, VII, and X, as narrowed by the preceding statute of limitations rulings, all relate to the constitutional tort of malicious prosecution.

---

The cited exception, N.J. Stat. Ann. § 59:8-9, permits the court to excuse a late notice of claim upon a proper showing, but once a year has elapsed, a court is powerless to excuse the failure to file the notice. *See Noble v. City of Camden*, 112 F. Supp. 3d 208, 233–34 (D.N.J. 2015).

Whether the plaintiff has timely filed the requisite notice, however, will often depend on facts extrinsic to the Complaint. According to the defendants, Waselik filed a notice of claim that failed to name three of the six individual defendants, and sued more than a year later.

Defendants contend that the Complaint fails to allege factually the essential elements of such a claim. I disagree; as to these Counts, understood as malicious prosecution claims, the motion to dismiss is denied.

Malicious prosecution under 42 U.S.C. § 1983 requires that "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014) (citing *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007)); *see also Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc, adopting elements of the common law tort for purposes of § 1983).[15]

The defendants challenge the allegations of the Complaint that they lacked probable cause to charge Waselik. The Complaint alleges, *inter alia*, that the officers entered Waselik's home without probable cause or a warrant (they got the warrant later). In addition, they charged him with possession of marijuana at a time that they physically possessed his wallet, which contained his medical marijuana card.

"Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002) (citing *Beck v. Ohio*, 379 U.S. 89, 91, 85 S. Ct. 223, 225 (1964)). The

---

[15] I have not seen in the case law any indication that malicious prosecution is an exception to the general principle that NJCRA is construed in parallel to § 1983. *See* Section III.A.3, *supra*. The cases have generally construed the elements of malicious prosecution under § 1983 and NJCRA in parallel, albeit without analysis. *See, e.g., Calan v. City of Jersey City*, No. CV 16-9008 (JLL), 2017 WL 1135231, at *3 (D.N.J. Mar. 27, 2017); *Johnson v. Stith*, No. CIV.A. 14-5032, 2015 WL 4997413, at *6 (D.N.J. Aug. 20, 2015) ("To state a malicious prosecution claim under Section 1983 and the NJCRA, Plaintiff must establish [listing five elements]"). The state common-law tort is similar, except that it omits the § 1983 element of a deprivation of liberty. *Id.* at *6 n.2.

ultimate suppression of the evidence, say defendants here, is irrelevant to the question of what information they possessed in October 2013. *See* Def. Br. 28 (citing, *e.g.*, *Pennsylvania Bd. of Probation & Parole v. Scott*, 524 U.S. 357, 363 (1998) (exclusionary rule does not apply in civil proceedings); *One 1958 Plymouth Sedan v. Com. of Pennsylvania*, 380 U.S. 693, 699 (1965)).

Still, probable cause may be subverted where an officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood" and "[s]uch statements or omissions are material, or necessary, to the finding of probable cause." Wilson v. Russo, 212 F.3d 781, 786–87 (3d Cir. 2000). In seeking a charge or arrest warrant, officers may not rely on facts of which they had a "high degree of awareness of [their] probable falsity"—meaning that, "when viewing all the evidence, [they] must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information ... reported." *Id.* Further, they are obligated to disclose known facts that "[a]ny reasonable person would have known ... was the kind of thing the judge would wish to know" in making a probable cause determination. *Id.* (quoting *United States v. Jacobs*, 986 F.2d 1231, 1235 (8th Cir.1993)). In the context of that case law, the allegations of the Complaint present factual issues that cannot be resolved on a 12(b)(6) motion to dismiss standard.

The defendants also argue that the plaintiff did not allege a "deprivation of liberty." I find the allegations to be clear enough, and will permit exploration of such extrinsic facts in discovery.

Defendants make meritorious legal arguments, but the scenario presented by the Complaint is simply too fact-bound to permit resolution on a motion to dismiss. The motion to dismiss is therefore denied as to Counts I, IV, VI, VII, and X, as limited by the statute of limitations rulings above.

### 2. Miscellaneous claims

Count V alleges that the defendants, particularly the Township and Beebe, publicly labeled Waselik as a homosexual instead of treating him as a

victim of domestic violence, in violation of the Americans with Disabilities Act ("ADA"), cited as 42 U.S.C. §§ 1997 *et seq.* That citation, however, corresponds to the definitional section of another statute, having to do with institutionalized persons. It is not immediately apparent to me what plaintiff's ADA theory is.[16] In short, I am not confident, as in the case of Count VI, that plaintiff's intent is manifest and that this is a mere slip of the pen, so I do not undertake to amend the claim.

Being uncertain as to what claim is intended, I will proceed as follows. Count V is dismissed for failure to allege with requisite specificity a claim upon which relief may be granted. This dismissal, however (like the others), is without prejudice to the submission of a proposed amended complaint within 30 days. In drafting any amended pleading, counsel shall specifically identify the statute and section on which he relies.

Count XI is a demand for punitive damages. As such, it is not really a cause of action at all. Punitive damages are merely a particular remedy that may or may not be appropriate if some underlying claim is ultimately proven. *See Hassoun v. Cimmino,* 126 F. Supp. 2d 353, 372 (D.N.J. 2000) (In § 1983 and state law case, noting that "Punitive damages are a remedy incidental to [a] cause of action, not a substantive cause of action in and of themselves."); *see also California Natural, Inc. v. Nestle Holdings, Inc.,* 631 F.Supp. 465, 474 (D.N.J.1986) (noting that New Jersey law contains no independent cause of action for punitive damages). As Judge Greenaway did in *Hassoun,* I will dismiss Count XI because it does not state a claim or cause of action.

In so doing, I do not intend to preclude the plaintiff from seeking punitive damages if appropriate. Indeed, the Complaint's Prayer for Relief (¶d) requests that the court "[a]ward Plaintiff punitive (exemplary) damages against the individual Defendant Officers, to the extent permitted by law...." That is

---

[16] *See, e.g.,* 42 U.S.C. § 12102(2) (provision of the ADA that "[f]or purposes of the definition of 'disability' in section 3(2), homosexuality and bisexuality are not impairments and as such are not disabilities under this Act.").

sufficient; Count XI, in addition to failing to state a claim, is superfluous. It will be dismissed.

## CONCLUSION

For the foregoing reasons, the Rule 12(b)(6) motion to dismiss the Complaint for failure to state a claim is GRANTED IN PART, as follows:

    Count I (granted, except for municipal liability as to Count IV)

    Counts II, III, IV, V (granted)

    Count VI (granted, except for conspiracy as to Count IV)

    Count VII (granted, except for supervisor liability as to Count IV)

    Counts VIII, IX (granted)

    Count X (granted, except for NJCRA malicious prosecution)

    Count XI (granted)

The Counts that remain, then, are:

    Count IV (§ 1983 malicious prosecution)

    Count I (§ 1983 municipal liability as to Count IV)

    Count VI (§ 1983 conspiracy as to Count IV)

    Count VII (§ 1983 supervisor liability as to Count IV)

    Count X (NJCRA, malicious prosecution only)

This dismissal is without prejudice to the submission, within 30 days, of a proposed amended complaint that remedies the deficiencies identified here.

Dated: May 18, 2017

                                                **HON. KEVIN MCNULTY**
                                                **United States District Judge**